UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW G. SILVA, ) | |
| ) | |
| Plaintiff, ) | Case No. C07-5482 BHS/KLS |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | **NOTED FOR:** |
| C. J. MERRITT, *et al.*, ) | **December 7, 2007** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis*. (Dkt. #1). Plaintiff is incarcerated in the Stafford Creek Corrections Center in Aberdeen, Washington. Plaintiff alleges that clerical staff at the Washington Supreme Court converted his petition for writ of habeas corpus into a personal restraint petition under an unconstitutional application of the Washington Rules of Appellate Procedure. (Dkt. # 1, Attach. 1, p. 1). He does not allege that he is in imminent danger of serious physical injury.

REPORT & RECOMMENDATION - 1

**DISCUSSION**

The Prison Litigation Reform Act of 1995, Pub.L. No. 104-143, 110 Stat. 1321 (Apr. 26, 1996) amends the *in forma pauperis* statute, 28 U.S.C. § 1915. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceed under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This statutory cap on the number of frivolous actions a prisoner may bring as a pauper has been held to apply to claims dismissed both before and after April 26, 1996, the statute's effective date. *See Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

By Order filed October 18, 2007, the Court directed Mr. Silva to show cause why this case should not be dismissed under 28 U.S.C. §1915(g), as Mr. Silva has had at least four cases dismissed as frivolous or for failure to state a claim. (Dkt. # 5). Those cases include: *Silva v. Bush, et. al*, CV-06-984-JLR (Western District of Washington); *Silva v. Clarke, et.al.*, CV-05-414-MWL (Eastern District of Washington); and *Silva v. State of Washington, et al.*, C-98-659-WLD (Western District of Washington). In addition, Plaintiff filed a fourth action, CV-06-2289-JAT/ECV, in the District of Arizona (Phoenix), which was dismissed for failure to state a claim.

The Court also noted that Mr. Silva filed a fifth case in the Eastern District of Washington, Case No. CV-7-210-RHW, where he had been ordered to show cause why that action should not be dismissed under 28 U.S.C. § 1915 (g). That case was dismissed by Order dated October 18, 2007 pursuant to 28 U.S.C. § 1915(g). (Dkt. # 8,9). Plaintiff makes the same argument here as he made in his case before the Eastern District; that is, that two of the cases noted, *Silva v. Bush, et al.*, CV-06-

REPORT & RECOMMENDATION - 2

984-JLR (Western District of Washington, dismissed April 16, 2007), and *Silva v. Goddard*, CV-06-2289-JAT/ECV (District of Arizona, Phoenix, dismissed March 27, 2007) are currently on appeal. However, until the Ninth Circuit affirmatively overrules the district court decisions in those two cases, the cases have been dismissed for failure to state a claim upon which relief may be granted. Therefore, they count as dismissals under 28 U.S.C. § 1915(g), and preclude Mr. Silva from proceeding before this Court *in forma pauperis*. In addition, he has made no showing he is under imminent danger of serious physical injury.

**CONCLUSION**

Because Plaintiff already has at least three prior civil actions that have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), the undersigned recommends the Court deny his application to proceed *in forma pauperis* in this case under 28 U.S.C. § 1915 (g). Accordingly, the undersigned also recommends the Court dismiss Plaintiff's complaint unless he pays the required $350.00 filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 7, 2007,** as noted in the caption.

DATED this 6th day of November, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT & RECOMMENDATION - 3