UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

        Plaintiff,

    v.

C J MERRITT; RONALD R. CARPENTER, Clerk, Washington State Supreme Court; SUSAN L. CARLSON, Deputy Clerk, Washington State Supreme Court,

        Defendants.

CASE NO. C07-5482BHS

ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER RE PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff's Objections to Magistrate Judge's Order Re Preliminary Injunction (Dkt. 17). The Court has considered the objections and the remainder of the file and hereby overrules the objections for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, Plaintiff seeks a preliminary injunction as follows:

    1. Issue a preliminary injunction requiring defendants to process [P]laintiff's petition in Washington State Supreme Court No. 79804-4 as a common law habeas corpus action.
    2. Issue a preliminary injunction requiring defendants to (a) file [P]laintiff's motions in Washington State Supreme Court No. 79804-4 and to (b) submit [P]laintiff's motions to the Justices of the Washington State Supreme Court, as required by Washington law.

Dkt. 9 at 12. On December 7, 2007, Plaintiff moved for a preliminary injunction in accordance with his complaint. Dkt. 10. The motion was noted for consideration on December 28, 2007. On December 20, 2007, Plaintiff was ordered to serve Defendants. Dkt. 13. On January 24, 2008, the Honorable Karen L. Strombom terminated Mr. Silva's

ORDER - 1

motion because Defendants had not yet been served with the complaint or the motion. Dkt. 14. Judge Strombom's order provided that Mr. Silva could refile and renote his motion after Defendants were served and appeared. *Id.* at 2.

On February 4, 2008, Plaintiff filed objections to Judge Strombom's order terminating Mr. Silva's motion. Dkt. 17. On February 13, 2008, Mr. Silva's objections were referred to the undersigned.

## II. DISCUSSION

Mr. Silva asks the Court to vacate Judge Strombom's order for lack of jurisdiction, order Defendants to appear after being served with the complaint and show cause why Plaintiff's motion should not be granted, and reassign this matter to a different magistrate judge.[1] Dkt. 17 at 1. The Court addresses Mr. Silva's requests in turn.

### A.   LACK OF JURISDICTION

First, Mr. Silva contends that Judge Strombom's order regarding Mr. Silva's preliminary injunction motion must be vacated for lack of jurisdiction. Dkt. 17 at 1. Mr. Silva contends that Judge Strombom "essentially entered a dispositive order dismissing without prejudice" and that such an order exceeds the power of magistrate judges under 28 U.S.C. § 636.

Under 28 U.S.C. § 636(b), magistrate judges may not "hear and determine" motions for injunctive relief but may submit recommendations for disposition of such motions. 28 U.S.C. § 636(b)(1). Judge Strombom's order in no way disposes of Plaintiff's case or "determines" Plaintiff's motion, and does not exceed the power conferred to magistrate judges under 28 U.S.C. § 636.

### B.   ORDER DEFENDANTS TO SHOW CAUSE

Mr. Silva asks that the Court order Defendants to show cause why a preliminary injunction should not issue. Dkt. 17 at 2. Mr. Silva acknowledges, however, that

---

[1] Mr. Silva's request that his case be reassigned to a different magistrate judge will be addressed by separate order.

ORDER - 2

Defendants could not be expected to respond to such order until they have been served and that Defendants have not yet been served. Under these circumstances, a show cause order would be inappropriate.

## C. TIMELINESS OF ORDER

Finally, Mr. Silva contends that Judge Strombom "failed to take timely action on the Motion" and took "an inordinate length of time" before ruling on the motion in contravention of Federal Rule of Civil Procedure 72, which requires magistrate judges to promptly conduct hearings and issue written orders regarding nondispositive pretrial matters. Fed. R. Civ. P. 72(a).

Mr. Silva's motion was noted for consideration on December 28, 2007. The motion was terminated on January 24, 2008. Under the rules of this district, motions are to be "decided as soon as practicable, and normally within thirty days following the noting date." Local Rule CR 7(b)(5). Mr. Silva's motion was timely ruled upon within thirty days of the noting date.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Objections to Magistrate Judge's Order Re Preliminary Injunction (Dkt. 17) are **OVERRULED**.

DATED this 15th day of February, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3