1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

    Plaintiff,

    v.

C. J. MERRITT, *et al.*,

    Defendants.

Case No. C07-5482 BHS/KLS

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE
ORDER AND TO STAY
DISCOVERY

16    Before the court is Defendants' motion for a protective order and to stay discovery. (Dkt. #

17 35).   Plaintiff has not responded to Defendants' motion.  Under Local Rule 7 (b)(2) failure to file

18 papers in opposition to a motion may be deemed as an admission that the motion has merit.  For the

19 reasons set forth below, the Court finds that the motion should be granted.

20                               **I.  Factual and Procedural Background**

21    Plaintiff brought this suit alleging that the decision to treat his submission of a habeas

22 corpus petition to the Washington Supreme Court as a Personal Restraint Petition violated his

23 state and federal constitutional rights. The defendants are former Supreme Court Clerk C.J.

24 Merritt, current Clerk Ron Carpenter and Deputy Clerk Susan Carlson.  Plaintiff bases his claims

25
26 ORDER - 1

on 28 U.S.C. §§ 1983, 1985 and 1986.

On April 10, 2008, defense counsel received eight third-party deposition notices with attached subpoena duces tecum directed to King County Superior Court Judge Richard McDermott, U.S. District Judge John Coughenour, U.S. District Court Magistrate Judge James Donohue[1], King County Prosecuting Attorney Dan Satterburg, two of his Deputy Prosecutors, the FBI and the Washington Department of Corrections.  (Dkt. # 36, pp. 2-3).  The subpoenas request files and documents that appear to pertain to other lawsuits pursued by plaintiff that have been dismissed, with return dates beginning May 9, 2008.  *Id.*

## II.  DISCUSSION

A party may obtain discovery only regarding matters "relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1).  The Court may limit discovery if the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive". Fed. R. Civ. P. 26(b)(2). The court may order that requested discovery not be had, or may be had only in a specified manner, including limiting the type of discovery allowed. Fed. R. Civ. P. 26(c).

Defendants submit that the prospective deposition witnesses had nothing to do with the gravamen of this case, *i.e.,* whether plaintiff has a constitutional right to insist his filing be "habeas corpus" as opposed to a personal restraint petition,[2] and whether the defendants are entitled to qualified immunity.  Plaintiff has not shown any evidence to the contrary.  Because Plaintiff fails

---

[1]Judges Donohue and Coughenour have responded and exercised their authority to decline to produce, comment, or testify regarding the information requested by the subpoenas issued by Plaintiff.  (Dkts. # 30, 33).

[2]Under Washington law, habeas corpus petitions were superseded by the personal restraint petition process. Wash. Rule of App. Proc. 16.3.

ORDER - 2

to show what relevant evidence he believes these individuals possess, the court agrees that their depositions should be quashed.  In addition, the court finds that good cause exists to stay discovery in this matter.

The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Upon showing of good cause, the court may deny or limit discovery.  Fed. R. Civ. P. 26( c).  A court may relieve a party of the burdens of discovery while a dispositive motion is pending.  *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).  When government officials raise the issue of qualified immunity discovery should not proceed until this threshold issues is resolved by the court.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin, supra,* 889 F.2d at 926.

Defendants indicate they will bring their immunity motion within 30 days of May 2, 2008.  The current deadline for dispositive motions is October 10, 2008, the discovery deadline is August 8, 2008, and there is no trial date set.  (Dkt. # 26).   Therefore, the court finds that a stay of all discovery pending the bringing of the immunity motion and pending this Court's resolution of whether immunity defenses are available to defeat Plaintiff's civil rights claims against defendants at this stage of the litigation will not adversely impact the court's case schedule or prejudice the Plaintiff.

Accordingly, it is **ORDERED**:

(1)     Defendants' motion for protective order and stay of discovery (Dkt. # 35) is **GRANTED**;

(2)     The following subpoena and deposition notices are **QUASHED:**

ORDER - 3

(a)     Cristy Craig, Deputy Prosecuting Attorney, May 9, 2007 [sic]
(b)     Federal Bureau of Investigation, May 14, 2007 [sic]
(c)     Craig Peterson, May 16, 2007, May 16, 2007 [sic]
(d)     Washington DOC, May 21, 2007 [sic]
(e)     Dan Satterburg, May 23, 2007 [sic]
(f)     Richard McDermott, May 30, 2007 [sic]
(g)     James Donohue, Magistrate Judge, June 4, 2007 [sic]
(h)     John Coughenour, Judge, June 6, 2007 [sic];

(3)     Discovery in this matter is **STAYED** until further order of this Court; and

(4)     The Clerk of Court shall send copies of this Order to Plaintiff and counsel for Defendant.

DATED this  27th  day of May, 2008.


Karen L. Strombom
United States Magistrate Judge

ORDER - 4