UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

    Plaintiff,

v.

C. J. MERRITT, *et al.*,

    Defendants.

Case No. C07-5482 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
October 3, 2008**

    This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. # 41). Defendants argue that Plaintiff's claims against them must be dismissed because they acted in good faith compliance with State law and are thereby entitled to qualified immunity. Having carefully reviewed Defendants' motion and supporting exhibits, Plaintiffs' response (Dkt. # 62), Defendants' reply (Dkt. # 61) and balance of the record, the Court recommends that the motion be granted because Defendants are entitled to qualified immunity.[1]

---

[1] Defendants' motion is supported with exhibits attached to the Declaration of counsel, William G. Clark (Dkt. # 42). For ease of reference, Defendants' exhibits are referred to as they are marked consecutively within CM-ECF. (*See* Dkt.# 42-2, pp. 1-35). Plaintiff's response is supported with his Declaration (Dkt. # 63) and exhibits at Dkt. # 63-2, pp. 1-38; Dkt. # 63-3, pp. 1-48; Dkt. # 63-4, pp. 1-38; and Dkt. # 63-5, pp. 1-51.

REPORT AND RECOMMENDATION - 1

## I. SUMMARY OF THE CASE

Plaintiff alleges that he was illegally convicted and sentenced for the crime of Robbery in the First Degree in King County Superior Court on September 2, 2005. (Dkt. # 63, p. 1). Plaintiff has sued C.J. Merritt, the former Clerk of the Supreme Court, Ron Carpenter, the current Clerk, and the Deputy Clerk, Susan Carlson. (Dkt. # 9). Plaintiff alleges that these defendants committed violations of the federal civil rights and RICO statutes, as well as tortious conduct under state law, when they re-characterized his "common law" habeas corpus petition as a personal restraint petition and deprived him of the ability to amend his petition by failing to file a motion to show cause to allow him to obtain his legal files. (*See, e.g.,* Dkt. # 63, p. 3; Dkt. # 62, p. 4). Mr. Silva alleges that his files, containing evidence that his waiver of jury trial and counsel were coerced, were illegally withheld from him when he was illegally transferred from Airway Heights Corrections Center (AHCC) to Stafford Creek Corrections Center (SCCC). (Dkt. # 63, p. 4).

Based on Plaintiff's belief that Defendants wrongfully re-characterized his "common law" habeas corpus petition, he asserted ten causes of action, including seven claims for violation of federal civil rights statutes, 28 U.S.C. ¶¶ 1983, 1985 and 1986. (Dkt. #9, pp. 4-10). Specifically, Mr. Silva claims that Defendants "have suspended the writ of habeas corpus contrary to Article 1 Section 9 of the United States Constitution," and that they violated his rights to access the courts and to petition for redress of grievances. *Id*., p. 2. He complains that Defendants are participating in a conspiracy to obstruct pending actions he is litigating against Washington state officials contrary to 42 U.S.C.§§ 1985 and 1986. Mr. Silva also claims that Defendants' conduct amounts to

---

Plaintiff's motion to strike defense counsel's declaration is without merit. (*See* Dkt. # 62, p. 6). The documents attached to defense counsel's declaration are public records pertaining to Plaintiff's habeas corpus and show cause pleadings filed by the Washington Supreme Court. (Dkt. # 42 at ¶ 3). *See*, Fed. R. Evid. 901(b)(7) and 803(8) (public records and reports maintained in public offices exempt from hearsay rule).

REPORT AND RECOMMENDATION - 2

negligence and fraud under state law and that their use of the mails to perpetrate their scheme violates the federal RICO statute, 18 U.S.C. §1964(c). *Id*.

Defendants argue that Plaintiff would not have prevailed in his petition for post-conviction collateral relief regardless of how his petition was processed, Defendants' good faith compliance with state law entitles them to qualified immunity from Plaintiff's civil rights and state tort claims, Defendants did not violate Mr. Silva's right to access the courts or to petition for redress of grievances, and Mr. Silva has failed to state an actionable RICO claim.

Defendants also contend that Plaintiff has opposed only two of the five arguments supporting entry of summary judgment – the qualified immunity defense and that he has failed to state an access to courts claim. (Dkt. # 61, p. 2). Defendants argue that Mr. Silva does not contest the dispositive defense that the determination of his habeas corpus and show cause motion would have been the same had the defendants acceded to his demands. *Id*. While Mr. Silva does not contest the existence of state court records reflecting that he affirmatively waived his right to jury trial and counsel, he argues that he has "actual, documentary evidence" to prove that the waiver was coerced and unlawful. (Dkt. # 63, p. 4). Mr. Silva also claims that he was not able to present any of these materials because his legal files were being illegally held. *Id*.

## II. FACTUAL BACKGROUND

The following facts are derived from allegations in the Plaintiff's Complaint and Plaintiff's filings and correspondence in the Washington Supreme Court.

Plaintiff was convicted of Robbery in the First Degree and sentenced to state correction facilities on or about September 2, 2005. (Dkt. # 42-2, pp. 6-14). On January 18, 2007, Plaintiff submitted a petition for habeas corpus to the Washington Supreme Court. (Dkt. # 9, ¶ 11). Mr. Silva alleges that the judgment and sentence are invalid on their face because they do not show that

REPORT AND RECOMMENDATION - 3

he was either tried by a jury or had waived his right to jury trial. *Id.* ¶ 10. The record reflects that Plaintiff and his legal counsel executed a written waiver of jury trial on or about February 8, 2005. (Dkt. # 42-2, 16).

Defendant Ron Carpenter, as Supreme Court Clerk, notified plaintiff that his habeas corpus petition would be processed as a personal restraint petition pursuant to Washington Rules of Appellate Procedure 16.3 through 16.15. (Dkt. # 42-2, p. 22).

Plaintiff objected to the characterization of his petition for writ of habeas corpus as a personal restraint petition, stating that "[a]lthough the adoption of RAP 16.3 - 16.15 establishes a single procedure for <u>most</u> petitions seeking postconviction relief, it does not apply to the common law petition for writ of habeas corpus. This court's jurisdiction in such matters is constitutional in nature and cannot be abrogated or altered by RAP 16.3(b)." *Id*., p. 23.

By letter dated January 29, 2007, Mr. Carpenter stated that he and the Chief Justice of the Washington Supreme Court had reviewed and discussed Mr. Silva's letter dated January 24, 2007 and that the Chief Justice had asked Mr. Carpenter to respond to Mr. Silva on his behalf. (Dkt # 42-2, p. 26). Mr. Carpenter stated that the "characterization of [Mr. Silva's] pleading is required by the clear language of the applicable rule." *Id*.

By letter of February 13, 2007, Mr. Carpenter notified plaintiff and the respondent, the King County Prosecutor's Office, that he had redesignated the habeas petition as a personal restraint petition and directed the respondent to file responsive pleadings within the time frame called for by RAP 16.9. (Dkt. # 42-2, p. 27).

On March 19, 2007, Mr. Carpenter sent a letter to Mr. Silva and the King County Prosecutor's Office stating that he had received and filed Mr. Silva's "Motion to Modify Clerk's Decision and/or Declaratory Judgment" and "Declaration of Matthew G. Silva" on March 16, 2007,

REPORT AND RECOMMENDATION - 4

and that the pleadings had been placed in the file without action. (Dkt. # 42-2, p. 28). Mr. Carpenter stated further that "The Clerk has made no discretionary ruling that is subject to a motion to modify; merely noted the rule which by the operation of law requires automatically re-designating the pleading." *Id*.

Plaintiff did not withdraw his petition. The King County Prosecutor's Office filed its response on April 15, 2007. (Dkt. # 52-2, pp. 1-4). The opposition to plaintiff's petition was based, in part, upon certified copies of the judgment and sentence of September 2, 2005, a written waiver of jury trial of February 8, 2005, and the trial court's written Findings of Fact and Conclusions of Law of February 24, 2005. *Id.*, pp. 5-21. The prosecutor's office argued that these documents confirm that plaintiff was represented by counsel throughout the criminal proceedings and that, while represented by counsel, he affirmatively waived his right to jury trial. *Id.* On June 26, 2007, Mr. Carpenter sent the Ruling Dismissing Personal Restraint Petition to Mr. Silva and to the King County Prosecutor's Office. (Dkt. # 42-2, pp. 29-31). In the Ruling Dismissing Personal Petition, the Commissioner of the Supreme Court of Washington held that "Mr. Silva's claims are frivolous. He waived trial by jury, he was assisted by counsel at the bench trial, and he chose to proceed pro se at sentencing. Mr. Silva demonstrates no prejudice, nor does he show the existence of ay [sic] errors or defects warranting collateral relief." *Id.*, p. 31.

Plaintiff's motion to modify the ruling was denied on October 2, 2007. (Dkt. # 42-2, p. 33). A Certificate of Finality was issued by the Washington Supreme Court on November 26, 2007. *Id.*, p. 34.

While his petition was pending, Mr. Silva also filed a motion to show cause with the Washington Supreme Court, alleging that the State Department of Corrections had wrongfully confiscated plaintiff's legal files and property. (Dkt. # 9, ¶¶ 32 and 33). On August 21, 2007,

REPORT AND RECOMMENDATION - 5

Supreme Court Deputy Clerk Carlson sent a letter to Mr. Silva and to the King County Prosecutor's Office notifying the parties that Mr. Silva's pleading was received for filing but would be rejected. (Dkt. # 42-2, p. 35). Defendant Carlson provided the following explanation:

> The motion requests the court to issue "an order to show cause requiring the Washington State Department of Corrections (WDOC) to appear and show cause why a writ should not issue mandating the inventory and return of petitioner's legal files and property." Motion, pg. 1. However, the Department of Corrections is not a party to this matter. The Respondent is the King County Prosecutor's Office.

*Id.*

## II. STANDARD OF REVIEW

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c). In deciding whether summary judgment should be granted, the court must view the record in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id*.

The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose

REPORT AND RECOMMENDATION - 6

existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. DISCUSSION

**A.     Qualified Immunity**

The doctrine of qualified immunity protects "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgetrald*, 457 U.S. 800, 818 (1982). While public officials are thus generally protected from civil liability under the doctrine, the defense will fail when their actions violate law that is clearly established because "a reasonably competent public official should know the law governing his conduct." *Id.* "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

First, the court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show that the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Second, the court must determine whether the right was clearly established at the time of the alleged violation. *Saucier*, 533 U.S. at 201; *Conn*, 526 U.S. at 290. Finally, the court must conclude whether a reasonable officer in these circumstances would have thought her/his conduct violated the alleged right. *Saucier*, 533 U.S. at 205; *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

Thus, an official is denied qualified immunity only if the law was clearly established and a reasonable official could not have believed the conduct was lawful. If a reasonable official would not

REPORT AND RECOMMENDATION - 7

have understood that his actions violated the clearly established right, the official is protected from liability. *Harlow*, 457 U.S. at 818; *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001); *Saucier,* 533 U.S. at 205.

**B.      Established Law and Reasonableness of Defendants' Actions**

Mr. Silva alleges that Defendants' re-characterization of his "common law" habeas corpus petition deprived him of the ability to argue that his Judgment and Sentence is invalid on its face. (*See, e.g.,* Dkt. # 63, p. 3). Plaintiff also alleges that he was unable to amend his petition to conform to a personal restraint petition, because Defendants failed to file his motion to show cause to allow him to regain his legal files when he was illegally moved from AHCC to SCCC. (Dkt. # 62, p. 4). Under the "common law" habeas, Mr. Silva argues, his judgment and sentence was clearly invalid "on its face" because it does not state that he waived his right to jury or counsel. (Dkt. # 62, p. 2).

At the time Mr. Silva submitted his petition for filing with Defendants, the law governing the filing of writs in the State of Washington had long been established.

Article 1, Section 13 of the Washington Constitution provides that the privilege of the writ of habeas corpus shall not be suspended, unless in case of rebellion or invasion the public safety requires it.[2] As construed by Washington courts, the State's habeas corpus suspension clause protects the right of citizens to challenge the jurisdiction of a sentencing court. *Id.* Traditionally, the writ of habeas corpus could not be used to attack an erroneous judgment, unless that judgment was void for lack of jurisdiction. *Voight v. Mahoney*, 10 Wash. 2d 157, 162-63, 116 P.2d 300 (1941). Washington law prohibited a court from inquiring into the underlying legality of the judgment of any court of competent jurisdiction. *In Re Lybarger*, 2 Wash. 131, 134, 25 P. 1075 (1891). In fact,

---

[2]Though similar in wording to Article 1, Section 9 of the United States Constitution, the federal suspension clause and the state suspension clause serve different purposes. *In re Runyan*, 121 Wash. 2d 432, 441, 853 P.2d 424 (1993).

REPORT AND RECOMMENDATION - 8

the judgment of the trial court was itself deemed evidence of its own legality. *Ex parte Newcomb*, 56 Wash. 395, 399, 105 P. 1042 (1909). Until 1947, the Washington Supreme Court held that the scope of the court's inquiry in the habeas corpus proceeding would remain limited unless and until the scope of that inquiry was expanded by the state legislature. *In Re Grieve*, 22 Wash. 2d 902, 904, 158 P.2d 73 (1945).

In 1947, RCW 7.36.130 was amended to broaden the scope of inquiry whenever the petitioner alleged that rights guaranteed by the Constitution of the United States had been violated. That same year, RCW 7.36.140 was enacted to require Washington courts to determine whether or not a petitioner in fact had been denied a right guaranteed by the Constitution of the United States, regardless of whether that issue was presented in an original proceeding or upon an appeal. After 1947, Washington courts routinely considered the record of proceedings resulting in the underlying judgment of conviction, as well as other evidence extrinsic to the judgment itself, in deciding the merits of habeas corpus petitions. *See McNear v. Rhay*, 65 Wash. 2d 530, 398 P.2d 732 (1965) (in deciding habeas corpus proceeding, Supreme Court will make its own independent examination of testimony, findings and record whenever fundamental constitutional rights are in issue); *Palmer v. Cranor*, 45 Wash. 2d 273, 281, 273 P.2d 95 (1954) (Supreme Court considered correspondence and an affidavit provided by a former prosecutor concerning the circumstances leading up to the challenged judgment of conviction in determining habeas corpus proceeding); *Buckingham v. Cranor*, 45 Wash. 2d 116, 118, 273 P.2d 494 (1954) (court examined underlying record of criminal proceedings to determine whether petitioner had been provided competent legal counsel and adequate opportunity to prepare his defense).[3]

---

[3]Washington's practice of reviewing more than the judgment of conviction itself to determine the merits of habeas corpus petitions is not inconsistent with the practice in federal courts. *Graham v. Squier*, 132 F.2d 681 (9th Cir. 1942); *Young v. Sanford*, 147 F.2d 1007 (5th Cir.

REPORT AND RECOMMENDATION - 9

In 1976, Washington law changed so that habeas corpus petitions were superseded by the personal restraint petition process. Washington Rule of Appellate Procedure 16.3. However, the principles that applied to the determination of habeas corpus petitions have continued to guide Washington courts in deciding personal restraint petitions. *Myers v. State of Washington*, 646 F.2d 355, 56, fn.1 (9th Cir. 1981), *vacated on other grounds*, 456 U.S. 921; *Petition of Myers*, 91 Wash. 2d 120, 121, fn.1, 587 P.2d 532 (1978), *overruled on other grounds by Hews v. Evans*, 99 Wash. 2d 80, 660 P.2d 263 (1983).

Thus, at the time Mr. Silva submitted his petition for filing with Defendants, the law governing the filing of writs in the State of Washington required the reviewing court to examine the complete record in the underlying case, not just the final judgment itself. The undisputed record before this Court indicates that the pleading and attachments submitted by the respondents in Plaintiff's personal restraint petition proceedings conclusively established that he was represented by legal counsel in the underlying criminal proceedings and had waived his right to jury trial. (Dkt. # 42, pp. 6-21).

In addition, there is no federal right to have a state law petition for post-conviction collateral relief treated as a habeas corpus proceeding instead of as a personal restraint petition. *See, e.g., Geach v. Olsen*, 211 F.2d 682, 684 (7th Cir. 1954); *See also, Gasquet v. LaPeyre*, 242 U.S. 367, 37 S.Ct. 165, 61 L.Ed. 367 (and cases cited therein) (Section 9, Article 1 of the Federal Constitution applies only to national action and refusal by state authorities to entertain a petition for a writ of habeas corpus does not raise a federal question).[4]

---

1945).

[4]As noted by Defendant, the 1976 change in Washington's law to supersede the habeas corpus process with personal restraint petitions also does not give rise to a claim that Mr. Silva's federal rights were violated. *See e.g., Harvey v. South Carolina*, 310 F. Supp. 83, 85 (D.S.C. 1970)

REPORT AND RECOMMENDATION - 10

In response, Plaintiff argues that Defendants' refusal to file the motion to show cause prevented him from "amending [his] petition to conform to personal restraint petition standards." (Dkt. # 63, p. 3). Plaintiff alleges that he has "actual, documentary evidence to prove [his] allegations but his "legal files were being illegally withheld." *Id*., p. 4. Plaintiff also argues that Defendants are not entitled to immunity because their actions were nondiscretionary or ministerial in nature.

The record reflects, however, that Plaintiff was advised that his motion was rejected because he requested the Supreme Court to issue an order against an entity that was not a party to the action. (Dkt. # 42-2, p. 35; Dkt. # 63-5, p. 40).

The parties agree that RCW 2.32.050(4) required defendants to "file all papers... as directed by court rule or statute." *Id*. (Dkt. # 62, p. 8; Dkt. # 61, p. 6). The Washington Supreme Court has no original jurisdiction to decide claims regarding the recovery of improperly confiscated property. RCW 2.04.010. Such jurisdiction vests in the state trial courts. RCW 2.08.010.

There is no evidence that Plaintiff was denied access to the state courts by Defendants' refusal to file a motion over which it had no original jurisdiction. There is no evidence that Defendants prevented Plaintiff from filing a proceeding against the appropriate party in the appropriate trial court to recover his files which he alleges contains the proof he needs to succeed on his habeas claims. There is also no proof that Defendants joined in a conspiracy to improperly handle the filing of his habeas petition.[5]

---

(enactment of post-conviction statute supplanting supplanted habeas corpus with another procedure did not suspend right of habeas corpus).

[5] 28 U.S.C. §§ 1985 and 1986 require proof of a meeting of the minds by the defendants to deprive Plaintiff of his civil rights that is accompanied by racial or other invidious discriminating animus. *See, e.g., Butler v. Elle*, 281 F.3d 1014 (9th Cir. 1014, 1028 (2002).

REPORT AND RECOMMENDATION - 11

Plaintiff's argument that Defendants decision to treat his petition as a personal restraint petition and to reject his motion to show cause were "ministerial" in nature and not "discretionary," is also without merit. The procedure in place at the time Plaintiff submitted his habeas petition for filing was established by the rules of appellate procedure superseding the habeas corpus relief formerly obtainable from the Washington Supreme Court. *See* RAP 16.3(b). The clerk's decision to treat Plaintiff's application as a personal restraint petition was also confirmed as appropriate by the State's Chief Justice. (Dkt. # 42, p. 26). Thus, the undisputed record before the Court reflects that Defendants acted in accordance with state law.

The Ninth Circuit extends absolute quasi-judicial immunity from damages for civil rights violations to court clerks when they perform tasks that are an integral part of the judicial process, even when they may be characterized as nondiscretionary or even ministerial, such as refusing to accept a pleading. *Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996), *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385 (9th Cir. 1987).

Viewing all of the evidence in the light most favorable to Plaintiff, the undersigned concludes that Defendants are entitled to qualified immunity. There is no material issue of fact regarding any violation of Plaintiff's right to file a writ of habeas corpus, access to courts, RICO or breaches of state law, in that Defendants acted in accordance with state law in filing and/or rejecting Plaintiff's pleadings.

Accordingly, the undersigned recommends that Defendants motion for summary judgment (Dkt. # 41) based on qualified immunity be granted and that Plaintiff's federal claims (Counts I, II, III, IV, V, VI, VII and X) against Defendants C.J. Merritt, Ronald R. Carpenter and Susan L. Carlson be dismissed with prejudice.

**B.     State Law Claims - Negligence and Fraud - Counts Eight and Nine**

REPORT AND RECOMMENDATION - 12

Both the eighth and ninth causes of action are pendent state claims. Dismissal of pendent state claims is recommended in cases where the federal claim to which the pendent state claims relate is disposed of prior to trial. *Federman v. Empire Fire & Marine Insurance Co.*, 587 F.2d 798, 809 (2d Cir. 1979); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("pendent jurisdiction is a doctrine of discretion, not of plaintiff's right").

In this case, the undersigned has recommended dismissal of all of Plaintiff's federal claims on the grounds that Defendants are entitled to immunity. Accordingly, the district court should also dismiss Counts VIII and IX.

## IV. CONCLUSION

Viewing all Plaintiff's material factual allegations as admitted and construing his Complaint and filings liberally in the light most favorable to him, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims against Defendants C.J. Merritt, Ronald R. Carpenter and Susan L. Carlson because they are entitled to qualified immunity. For these reasons, the Court recommends that the Defendants' Motion for Summary Judgment (Dkt. # 41) be **GRANTED and that Plaintiffs' complaint be dismissed with prejudice.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk of the Court is directed to set the matter for consideration on **October 3, 2008**, as noted in the caption.

DATED this  8th  day of September, 2008.

REPORT AND RECOMMENDATION - 13

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14